Nichols, C. J.
On July 6, 1917, Anna Pora, dependent widow of Sylvester Pora, filed her claim seeking an award from the Industrial Commission of Ohio, asserting that hér deceased husband, an employe of The Youngstown Foundry & Machine Company, of Youngstown, Ohio, had *219 sustained an injury in the course of his employment, which resulted in his death.
The industrial commission, after hearing, disallowed the claim, finding that the death of Pora was not caused by an injury sustained in the course of employment. From this decision the defendant in error appealed to the common pleas court of Ma-honing county.
The case was submitted to the court on an agreed statement of facts, and a judgment was rendered in favor of the claimant in the sum of $8.63 per week for a period of 312 weeks.
This judgment was affirmed by the court of appeals.
The facts as agreed on between the parties show that Sylvester Pora was employed as a moulder’s helper, and was directed by his superior to go to another part of the plant and obtain an electric riddle for the immediate use of the moulder. In obedience to this order Pora went to the place where the electric riddle was being used by another moulder and his helper. Upon demand being duly made, the second helper refused to give Pora the instrument.
The two helpers engaged in a controversy over the possession of the implement, whereupon the second helper struck Pora over the head with a shovel, as a result of which blow Pora died the following day. It was further agreed that Pora and the second helper had equal rights to the use of the implement.
The statement of facts agreed upon makes use of the term" “controversy” as descriptive of the *220 situation immediately preceding the assault. This term has a variety of meanings and shades of meaning. It may mean much or little. Consulting dictionaries we find definitions and synonyms in great number, ranging from simple “argument” to “brawl.”
As a rule the term is not employed to describe a physical encounter.
With the advantage of the hindsight we now possess it would have been wiser if Pora, when denied possession, had retired from the scene and reported the situation to his superior. It was, however, the natural thing, that he should be disposed to argue the matter, when denied the thing to which he was entitled in an equal sense, with the immediate possessor.
In seeking to obtain its possession he was carrying out the order of his superior, and his failure to make some reasonable effort to obtain it would have constituted a breach of his apparent duty. He was seeking the implement that would enable him to properly pursue his employment, and without which it must be assumed he could not labor to the advantage of his employer.
It is not claimed that Pora used any force or violence or made any threats of violence, nor did he use language which would have a tendency to provoke an assault, and we are therefore bound to conclude that nothing was said or done by Pora to incite any assault, much less the deadly one that ensued.
It may be safely said that there is some ambiguity in the term “controversy,” as employed in *221 the agreed statement, and a reviewing court, according to the general rule, must indulge every presumption in favor of the judgment below, and in consequence we are justified if not compelled to accept the definition of “controversy” in its milder rather than in its harsher sense.
Conflicting inferences might be drawn, it is to be admitted, from the use of the descriptive term “controversy,” but the inference most favorable to the prevailing party below is to be accepted by a court of review.
It was held in the case of the Mentone Irrigation Co. v. Redlands Electric Light & Power Co., 155 Cal., 323, 331, that where the decision of the trial court is based on conflicting inferences reasonably deducible from the evidence it is as conclusive on the appellate court as though based directly on conflicting evidence.
This rule of law appeals to us as being altogether sound, and its adoption calls for the application, as its supplement, of the long-established rule of law, that the judgment must be sustained if there is any evidence in its support.
With this conception of the law, we are not willing to say that Pora’s conduct was such as to place him outside the pale of his course of employment.
The plaintiff in error relies in part on the analogy of the case of The Little Miami Rd. Co. v. Wetmore, 19 Ohio St., 110. We think the case at bar is clearly distinguishable from the Wetmore case and involves principles that are not identical. The outstanding difference is that in the Wetmore *222 case the inquiry was one to ascertain whether the employe committing the assault was in the course of his employment; while here the inquiry is, Was the employe assaulted in the course of his employment?
Without derogation in any sense to the rights of Pora it may be admitted without qualification that the employe who assaulted him was acting wholly outside the course of his employment.
In the Wetmore case, supra, the evidence tended to show that the passenger by his importunate conduct and abusive language towards the baggage-man provoked a personal encounter. We have no such situation in the case at bar.
Quite a number of cases from other jurisdictions have been cited, but in each instance the facts are so essentially different from the case at bar that the authorities cited are not persuasive.
To deny the defendant in error the compensation she has been awarded would be sadly missing the fine spirit of the Workmen’s Compensation Act.
Section 1465-91, General Code, provides that: “Such board shall- not be bound by the usual common law or statutory rules of evidence or by any technical or formal rules of procedure, other than as herein provided; but may make the investigation in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this act.”
The real spirit of this act is to measurably banish technicality and- to do away with the nicety of *223 distinction so often observable in the law, and commands a liberal construction in favor of employes.
The judgment of the court of appeals is affirmed.

Judgment affirmed.

Jones, Matthias, Johnson, Donahue, Wanamaker and Robinson, JJ., concur.